MATTER OF PRITCHARD

In Deportation Proceedings

A-21260702

*Decided by Board September 9, 1977*

(1) Respondent was convicted in Great Britain in 1974 for unauthorized possession of marihuana under the Misuse of Drugs Act of 1971. That statute, in § 28(3)(b) provided that a defendant should be acquitted if he proves that he neither believed nor suspected or had reason to suspect that the substance or product in question was a controlled drug. Thus, in this statute, guilty knowledge is relevant and the case is distinguishable from *Lennon* v. *INS*, 527 F.2d 187.

(2) Respondent's conviction for marihuana possession is within the purview of section 212(a)(23) of the Act and for that reason he cannot be regarded as a person of good moral character under section 101(f)(3) of the Act.

(3) Since respondent cannot establish that he has been a person of good moral character for at least five years preceding his application for voluntary departure under section 244(e), he was statutorily ineligible for that relief and his application was properly denied.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT: Ken Powell, Esquire
1011 North Mesa
El Paso, Texas 79902

BY: Milhollan, Chairman; Wilson and Maniatis, Board Members

In a decision dated August 25, 1976, the immigration judge found the respondent deportable as charged, denied him the privilege of voluntary departure, and ordered his deportation to Great Britain. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a native of Chile and a citizen of Great Britian. In an Order to Show Cause dated April 30, 1976, it is alleged that the respondent entered the United States at El Paso, Texas on or about October 29, 1975; and that he was not inspected and admitted (into the United States) by an immigration officer. He was charged under section 241(a)(2) of the Immigration and Nationality Act.

At his hearing, the respondent admitted the facts alleged in the Order to Show Cause and conceded deportability. The immigration judge

determined that the respondent was deportable. We agree that deportability was established by clear, convincing, and unequivocal evidence. The respondent declined to designate a country of deportation. The immigration judge designated Great Britain (the respondent's country of nationality) as his place of deportation.

The immigration judge further concluded that the respondent was statutorily ineligible for voluntary departure because he was not a person of good moral character within the meaning of the immigration laws. His conclusion was predicated upon respondent's admission at his hearing that he was convicted in Great Britian in 1974 of the criminal offense of possession of marihuana. We note that the respondent further admitted that he had pled guilty to the charge and that the trial court sentenced him to three months imprisonment, but that an appellate court reduced his sentence to a fine of 250 pounds in British currency.

On appeal, counsel for the respondent submits that the rationale expressed by the Court of Appeals in *Lennon v. INS*, 527 F.2d 187 (2 Cir. 1975), is applicable to the facts of this case. Counsel argues that Lennon and the respondent were convicted under the same British statute that imposes criminal liability for unauthorized possession of drugs; that under that particular statute, guilty knowledge is irrelevant; and that, therefore, respondent's conviction under the statute for possession of marihuana does not render him ineligible for voluntary departure as a person who is not a good moral character. Counsel also points out that the respondent has satisfied the requirements of good moral character; that he is married to a United States citizen spouse; that a visa petition has been filed with the Service on his behalf; and that his application for voluntary departure should be granted.

The issue that arises in this case pertains to statutory eligibility for voluntary departure. In order to be eligible for the discretionary relief of voluntary departure, and alien must show that he is, and has been, a person of good moral character for at least five years preceding his application, and that he is willing and has the immediate means with which to depart promptly from the United States. Section 244(e), Immigration and Nationality Act; 8 C.F.R. 244.1. The alien has the burden of establishing that he is statutorily eligible for voluntary departure and that he merits a favorable exercise of discretion. *Matter of Tsang*, 14 I. & N. Dec. 294 (BIA 1973).

Under the provisions of section 101(f)(3) of the Act, a person is not of good moral character if he has been convicted of an offense described in section 212(a)(23) of the Act during the period for which good moral character is required to be established. Section 212(a)(23) includes any alien who has been convicted of a violation of any law or regulation relating to the illicit possession of marihuana.

The respondent admitted that he pled guilty to and was found

guilty of the unauthorized possession of marihuana by a British criminal court in 1974. The statute under which he was convicted is the "Misuse of Drugs Act 1971" which was enacted by the British Parliament on May 27, 1971. This act superceded the "Dangerous Drugs Act 1965." [1] The important distinction to be drawn between the two British statutes for immigration purposes is the fact that under the former statute guilty knowledge or scienter was not an element of the offense of unauthorized possession of drugs. In *Lennon v. INS, supra,* the United States Court of Appeals for the Second Circuit held that Congress did not intend to impose the harsh consequences of exclusion upon an individual convicted of possession of drugs under a foreign law that made guilty knowledge irrelevant. See *Matter of Lennon,* Interim Decision 2304 (BIA 1974), reversed on other grounds, *Lennon v. INS, supra.* The court concluded that the British statute under which the alien had been convicted imposed absolute liability for unauthorized possession of drugs and vacated the order of deportation. Unlike the statute under which Lennon was convicted, the respondent in the instant proceedings was convicted of unauthorized possession of marihuana under a statute which explicitly provides that a defendant should be acquitted "if he proves that he neither believed nor suspected nor had reason to suspect that the substance or product in question was a controlled drug. " See Section 28(3)(b) of the Misuse of Drugs Act 1971 (Great Britain). [2] *Lennon v. INS, supra,* at footnote 9; *Matter of Lennon, supra,* at footnote 17.

It is clear that under the terms of the British Misuse of Drugs Act of 1971, a defendant who can prove lack of knowledge would not be found guilty. We conclude, therefore, that, in the case of the respondent's marihuana conviction, the element of guilty knowledge was relevant. Consequently, this case is distinguishable from the court's decision in *Lennon v. INS, supra.* Cf. *Matter of Awadh,* Interim Decision 2519 (BIA 1976); *Matter of Pasquini,* Interim Decision 2496 (BIA 1976).

We further conclude that respondent's conviction for unauthorized marihuana possession in Great Britain comes within the purview of section 212(a)(23) of the Act. Therefore, he may not be regarded as a person of good moral character under the provisions of section 101(f)(3). Our determination regarding good moral character has no bearing on

---

[1] John Winston Ono Lennon, the petitioner in *Lennon v. INS* 527 F.2d 187 (2 Cir. 1975), was convicted of possession of *cannabis resin* in the Dangerous Drugs Act of 1965 (Great Britain).

[2] We note that the record file contains a letter sent by the Law Library (American-British Law Division) of the Library of Congress to counsel for the respondent on February 7, 1977. That letter was issued to counsel in response to his question as to whether an individual could be convicted under Scottish law of possession of marihuana without guilty knowledge. The Library of Congress letter referred counsel to the Misuse of Drugs Act of 1971, C. 38 (Great Britain). A copy of part of the text of that Act was enclosed in the Library of Congress letter.

the fact that the respondent was found deportable on a ground other than his marihuana conviction, i.e., entry without inspection. See section 101(f)(3). Since the respondent has not established that he has been a person of good moral character for at least five years preceding his application as provided in section 244(e) of the Act, we conclude that he is not eligible for the discretionary relief of voluntary departure. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.