# MATTER OF CORREA-GARCES

## In Deportation Proceedings

### A-29111329

*Decided by Board March 27, 1992*

(1) The immigration judge has no authority to extend the appeal period provided for by federal regulations at 8 C.F.R. § 242.21(a) (1991).

(2) The authority to grant a stay of deportation once an order of deportation is entered against an alien is generally vested in the district director under federal regulations at 8 C.F.R. § 243.4 (1991), and the immigration judge's authority is limited to granting a stay in connection with a motion to reopen or a motion to reconsider, or in connection with an appeal from a decision on such a motion.

(3) A conviction which forms the basis of a finding that an alien lacks good moral character under section 101(f) of the Immigration and Nationality Act, 8 U.S.C. § 1101(f) (1988), need not be the basis upon which the alien is found deportable.

(4) A conviction for making false statements on an application for a United States passport in another person's name, and for willfully, knowingly, and with intent to deceive, falsely representing a social security account number as one's own, for the purpose of fraudulently obtaining a passport in another person's name, is for a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
James J. Orlow, Esquire
Orlow and Orlow, P.C.
1154 Public Ledger Building
Sixth and Chestnut Streets
Philadelphia, Pennsylvania 19106

ON BEHALF OF SERVICE:
Richard J. Sharkey
District Counsel

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In an oral decision dated May 21, 1990, an immigration judge found the respondent deportable as charged under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1988), denied his application for voluntary departure under section 244(e)(1) of the Act, 8 U.S.C. § 1254(e)(1) (1988), and ordered him deported to Colombia, with the deportation order stayed until June 23, 1990. The

respondent filed an untimely appeal and requested oral argument before the Board. We will take the case on certification as provided by 8 C.F.R. § 3.1(c) (1991) to avoid any question of untimeliness. The immigration judge's decision will be affirmed in part and reversed in part. The request for oral argument is denied.

We initially point out that the immigration judge in this case granted the respondent 33 days, until June 23, 1990, within which to file an appeal of his decision. However, federal regulations provide:

> An appeal *shall* be taken within 10 days after the mailing of a written decision, or the stating of an oral decision, or the service of a summary decision . . . . When service of the decision is made by mail, as authorized by this section, 3 days shall be added to the period prescribed for the taking of an appeal.

8 C.F.R. § 242.21(a) (1991) (emphasis added). The immigration judge has no authority to extend this appeal period. Therefore, the respondent's appeal, which was filed on June 22, 1990, over 10 days after the oral decision was rendered, is untimely.

The respondent is a native and citizen of Colombia. On December 15, 1989, the Immigration and Naturalization Service issued an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S), alleging that the respondent entered the United States on June 20, 1988, as a nonimmigrant visitor for pleasure, authorized to remain until December 19, 1988, and that he remained beyond that date without authorization from the Service. At his deportation hearing on March 8, 1990, the respondent, through counsel, admitted the factual allegations and conceded deportability. We are satisfied that the respondent's deportability has been established by evidence that is clear, unequivocal, and convincing. *See Woodby v. INS*, 385 U.S. 276 (1966); 8 C.F.R. § 242.14(a) (1991).

The respondent subsequently applied for the discretionary relief of voluntary departure under section 244(e)(1) of the Act, and a hearing was held on May 21, 1990. The immigration judge denied voluntary departure without articulating the basis for his determination, either in his oral decision or in the memorandum of decision dated May 21, 1990. He ordered the respondent deported, but further provided that the deportation order be stayed until June 23, 1990.

On appeal, the respondent contends that the immigration judge's deportation order was unlawful because it was "conditional." While the respondent correctly points out that conditional orders are improper, we disagree with his characterization of the immigration judge's order in the instant case as a conditional order. Rather, the immigration judge has merely granted a stay of deportation in addition to ordering the respondent deported and denying his application for voluntary departure. We do, however, find that the immigration judge exceeded his authority in granting a stay of deportation to the

respondent. The authority to grant a stay of deportation once an alien is ordered deported is generally vested in the district director. Federal regulations provide, in relevant part, as follows:

> Any request of an alien under a final administrative order of deportation for a stay of deportation, except a request for withholding of deportation pursuant to section 243(h) of the Act, shall be filed on Form I-246 with the district director .... The district director, in his discretion, may grant a stay of deportation for such time and under such conditions as he may deem appropriate.... Denial by the district director of a request for a stay is not appealable but such denial shall not preclude the Board from granting a stay in connection with a motion to reopen or a motion to reconsider as provided in part 3 of this chapter, nor such denial preclude the [immigration judge], in his discretion, from granting a stay *in connection with, and pending his determination of, a motion to reopen or a motion to reconsider a case falling within his jurisdiction pursuant to § 242.22 of this chapter, and also pending an appeal from such determination.*

8 C.F.R. § 243.4 (1991) (emphasis added); *see also Bueno v. INS*, 578 F. Supp. 22 (N.D. Ill. 1983). Thus, it is clear from the language of the regulation that the immigration judge has limited authority to grant a stay of deportation once he has entered an order of deportation. The judge's authority is limited to granting a stay in connection with a motion to reopen or a motion to reconsider, or in connection with an appeal from a decision on such a motion. The immigration judge in the instant case therefore exceeded his authority when he entered a stay of deportation at the same time his deportation order was entered. Nevertheless, the erroneous grant of a stay of deportation does not, as the respondent argues, invalidate the immigration judge's deportability determination. We will, however, vacate the judge's temporary stay of deportation.

The only remaining issue on appeal is the respondent's eligibility for voluntary departure under section 244(e)(1) of the Act. Because of the immigration judge's failure to articulate the basis of his decision to deny the requested relief, we review the record and make a de novo determination.

In order to be statutorily eligible for voluntary departure, an alien must establish that he is, and has been, a person of good moral character for at least 5 years preceding his application for such relief. *See* section 244(e)(1) of the Act. The alien has the burden of establishing that he is statutorily eligible for voluntary departure and that he merits a favorable exercise of discretion. *Matter of Pritchard*, 16 I&N Dec. 340 (BIA 1977); *Matter of Tsang*, 14 I&N Dec. 294 (BIA 1973). Under section 101(f)(3) of the Act, 8 U.S.C. § 1101(f)(3) (1988), a person is precluded from establishing good moral character if he has been convicted of a crime involving moral turpitude. The conclusion that the person has not established good moral character may be based on that person's admissions at the deportation hearing

453

that he pleaded guilty to and was convicted of the crime in question. *See Matter of Pritchard, supra.* Contrary to the respondent's assertion on appeal, it is not necessary that the conviction used to determine whether the alien is a person of good moral character be the basis upon which the alien is found deportable. *See, e.g., id.* (alien deportable for entry without inspection, but precluded from establishing good moral character for purposes of voluntary departure based on a foreign conviction for possession of marihuana). Section 101(f)(3) of the Act relates to any crime of which the evidence, including the alien's admissions, establishes that the respondent was convicted.

The record reflects that the respondent was convicted on March 20, 1990, in the United States District Court for the Eastern District of Pennsylvania, for making false statements on an application for a United States passport under another name; and for willfully, knowingly, and with intent to deceive, falsely representing a social security account number as having been issued to him, for purposes of obtaining a passport in that other name. Crimes involving fraud are considered to be crimes involving moral turpitude. *See Jordan v. DeGeorge,* 341 U.S. 223, 232 (1951); *Matter of Flores,* 17 I&N Dec. 225 (BIA 1980). Convictions for making false statements have been found to involve moral turpitude. *See, e.g., Kabongo v. INS,* 837 F.2d 753 (6th Cir. 1988) (convictions for making false statements in order to obtain student financial aid involve moral turpitude). We therefore find that the respondent's conviction for making false statements, in order to fraudulently obtain a passport in another person's name, is for a crime involving moral turpitude. Because the crime for which the respondent was convicted in March 1990 is a crime involving moral turpitude, we find that the respondent cannot establish that he has been a person of good moral character for the last 5 years, and that he is statutorily ineligible for the relief of voluntary departure.

Having found the respondent statutorily ineligible for voluntary departure, we find it unnecessary to address the issue of whether he demonstrated that he merits voluntary departure as a discretionary matter. Accordingly, the immigration judge's decision to deny the respondent voluntary departure will be affirmed, but his grant of a stay of deportation will be reversed.

**ORDER:** The immigration judge's decision with respect to deportability and voluntary departure is affirmed.

**FURTHER ORDER:** The immigration judge's grant of a stay of deportation until June 23, 1990, is reversed.