United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60768
Summary Calendar

WASEEM MINHAS

Petitioner

v.

ALBERTO R GONZALES, US ATTORNEY GENERAL

Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 992 976
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Waseem Minhas, a citizen of Pakistan, petitions this court
to review the decision of the Board of Immigration Appeals (BIA)
affirming the immigration judge's (IJ) denial of his applications
for waivers of inadmissibility and adjustment of status. He
contends that his procedural due process rights were violated
when he was not permitted to replead his concession to the
charges of removability on the ground that counsel was
ineffective in failing to argue that his prior 18 U.S.C. § 1542
conviction was not a crime involving moral turpitude (CIMT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, although the IJ technically denied him the opportunity to replead his prior concession, both the IJ and the BIA nevertheless entertained the merits of Minhas's claim that his prior conviction was not a CIMT. Because the substance of the claim was actually addressed, Minhas cannot demonstrate a due process violation. Moreover, the BIA consistently holds that a § 1542 conviction is a CIMT. See Matter of B-, 7 I&N Dec. 342 (BIA 1956); see also Matter of Correa-Garces, 20 I&N Dec. 451 (BIA 1992). Counsel was not deficient for, and prejudice did not result from, the concession of removability on the ground that Minhas had a prior conviction for a CIMT as Minhas would have been found to be removable as charged even absent the concession.

Minhas additionally challenges the denial of the waiver of inadmissibility both on the grounds that BIA erred in finding that he had not established the requisite extreme hardship and as a matter of discretion, asserting that the denial was contrary to the evidence and manifestly unjust. This court lacks jurisdiction to consider these claims. 8 U.S.C. §§ 1182(h) and 1252(a)(2)(B).

The petition for review is DENIED.