IMG-002                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1465
_____

JUAN ANTONIO ARDON,
                                                                Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                                Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-762-374)
Immigration Judge:  Honorable Miriam K. Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 19, 2011

Before:  SCIRICA, CHAGARES and GREENBERG, Circuit Judges

(Filed: October 25, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Petitioner, Juan Ardon, seeks review of the Board of Immigration Appeals'

("BIA" or "Board") final order of removal.  For the reasons that follow, we will deny the

petition for review.

I.

Ardon is a native and citizen of Honduras. He initially entered the United States in 1992, when he was thirteen years old. He later married a United States citizen and, in 1999, adjusted his status to that of lawful permanent resident.

On February 21, 2003, Ardon was convicted of passport fraud in violation of 18 U.S.C. § 1542 for attempting to procure a United States passport under a false name in 1997.[1] As a result, the government commenced removal proceedings against him, charging him with removability under INA § 237(a)(2)(A)(i) as an alien who has been "convicted of a crime involving moral turpitude committed within five years after the date of admission." See 8 U.S.C. § 1227(a)(2)(A)(i). The government subsequently determined, however, that § 237(a)(2)(A)(i) did not apply because Ardon had committed the crime in 1997, *prior* to his admission. See id. The government therefore withdrew that charge and instead alleged that he was removable pursuant to INA § 237(a)(1)(A) as an alien who, at the time of his adjustment of status, was inadmissible under: (a) INA § 212(a)(2)(A)(i)(I) for committing a crime involving moral turpitude; and (b) INA § 212(a)(6)(C)(ii) for making a false claim to U.S. citizenship. See 8 U.S.C. §§ 1227(a)(1)(A), 1182(a)(2)(A)(i)(I), (a)(6)(C)(ii).

_____

[1] Pursuant to 18 U.S.C. § 1542, it is a crime to "willfully and knowingly make[] any false statement in an application for a passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws."

At a hearing on October 22, 2008, the Immigration Judge ("IJ") found that the government had not met its burden of proving that Ardon was inadmissible under § 212(a)(2) at the time he adjusted his status for having committed a crime of moral turpitude,[2] but sustained the charge that he was inadmissible at that time under § 212(a)(6) because he had falsely represented himself to be a United States citizen prior to his adjustment. Accordingly, the IJ concluded that he was removable under § 237(a)(1)(A). The IJ then continued the proceedings in order to consider Ardon's application for cancellation of removal.

Following a hearing on March 22, 2010, the IJ issued a decision denying Ardon's application for cancellation of removal under INA § 240A(b) and ordered him removed to Honduras.[3] Upon review, the BIA held that Ardon was ineligible for relief under this section because he had not accrued the requisite ten years of continuous physical presence in the United States.[4] See 8 U.S.C. § 1229b(b)(1)(A) (providing that the Attorney General may cancel removal of an alien who is inadmissible or deportable if,

_____

[2] At the hearing, Ardon argued that he was not inadmissible under INA § 212(a)(2)(A)(i)(I) for having committed a crime involving moral turpitude at the time he adjusted his status because he had not yet been charged with the crime or pled guilty to it. The IJ agreed that the charge was troubling, and declined to sustain it.

[3] Ardon also applied for cancellation of removal as a lawful permanent resident under INA § 240A(a), but the IJ determined that he was ineligible for relief under that section. Ardon did not challenge this determination in his administrative appeal, and does not challenge it here.

[4] The Board recognized that the IJ had erred in concluding that Ardon could not seek relief under § 240A(b) because he was a lawful permanent resident. See In re Martinez, 25 I. & N. Dec. 66, 76 (BIA 2009) (explaining that § 240A(b) provides relief for which both permanent and nonpermanent residents may be eligible).

inter alia, he has been "physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application"). The Board explained that, although Ardon began to accrue physical presence in 1992, the clock stopped in May 1997 when he committed the underlying crime of passport fraud. See INA § 240A(d)(1) [8 U.S.C. § 1229b(d)(1)] (stating that clock stops when alien has "committed an offense referred to in section 212(a)(2) that renders [him] inadmissible to the United States under section 212(a)(2)"). According to the BIA, even though Ardon was not found inadmissible under § 212(a)(2), the stop-time rule of INA § 240A(d)(1) nonetheless applied because his offense is one which is "referred to" in that section. Accordingly, the BIA denied relief.

Ardon now seeks review of the BIA's order.

II.

We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a)(1). When, as in this case, "the BIA issues a separate opinion . . . we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA defers to it." Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). We exercise de novo review over the BIA's legal determinations. Wang v. Ashcroft, 368 F.3d 347, 349 (3d Cir. 2004).

On appeal, Ardon first argues that the BIA erred by refusing to remand his case to the IJ to correct the IJ's failure to include in her decision clear and complete findings of law. Even assuming, however, that the IJ's decision contains such errors, the BIA

4

reviewed the IJ's findings of law de novo. We now review the BIA's legal determinations, not the IJ's. See id.

Next, Ardon argues that the BIA erred in concluding that he was ineligible for cancellation under § 240A(b) on the ground that he could not establish ten years of continuous physical presence. Ardon recognizes that, due to operation of the stop-time rule of INA § 240A(d)(1), the ten-year period ends "when the alien has committed an offense referred to in section 212(a)(2) that renders [him] inadmissible to the United States under 212(a)(2)," but contends that he has not committed such an offense because he is physically present in the United States; in his view, he "is subject to the grounds of *removal* alleged [in the charging documents], *not the ground of inadmissibility*." (Br. 17.) Ardon also argues that he did not commit "an offense referred to in section 212(a)(2) that renders [him] . . . removable from the United States under section 237(a)(2)" because the government specifically withdrew the § 237(a)(2) ground of removability. These arguments fail. As the BIA has explained, an alien "need not actually be charged and found inadmissible or removable on the applicable ground in order for the criminal conduct in question to terminate continuous residence in this country." In re Jurado-Delgado, 24 I. & N. Dec. 29, 31 (BIA 2006).

Ardon's assertion that passport fraud is arguably not a crime involving moral turpitude is equally unpersuasive. Under Board precedent, a conviction under 18 U.S.C. § 1542 is a crime involving moral turpitude because it involves fraud. See In re Correa-Garces, 20 I. & N. Dec. 451, 454 (BIA 1992) (holding that, because crimes involving

5

fraud are considered to be crimes involving moral turpitude, respondent's conviction for making false statements, in order to fraudulently obtain a passport in another person's name, is for a crime involving moral turpitude); see also Rodriguez v. Gonzales, 451 F.3d 60, 65 (2d Cir. 2006) (holding that a conviction under 18 U.S.C. § 1542 is a crime involving moral turpitude).

## IV.

Accordingly, we will deny the petition for review.