**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARLOS MARQUEZ GARCIA,
a/k/a Carlos Garcia Marquez,
a/k/a Carlos Marquez,

      Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

      Respondent.

No. 08-9579

---

**APPEAL FROM THE BOARD OF IMMIGRATION APPEALS**
**PETITION FOR REVIEW**

---

Submitted on the briefs:[*]

Johnny K.M. Poon, Lau & Choi, P.C., Denver, Colorado, for Petitioner.

Thomas B. Fatouros, Senior Litigation Counsel, Annette M. Wietecha, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

---

Before **LUCERO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**BALDOCK**, Circuit Judge.

Carlos Marquez Garcia seeks judicial review of the denial of his application for temporary protected status, voluntary departure, and cancellation of removal. A native and citizen of El Salvador, Mr. Marquez[1] entered the United States illegally in 1997 and concedes that he is removable as charged in the Government's notice to appear. He argues, however, that the Board of Immigration Appeals (BIA) erred in determining that he is ineligible for the discretionary relief he has requested. Exercising our jurisdiction under 8 U.S.C. § 1252(a)[2] and reviewing the BIA's legal determinations de novo, *Herrera-Castillo v. Holder*, 573 F.3d 1004, 1007 (10th Cir. 2009), we deny the petition.

---

[1]    We follow the petitioner's lead in referring to himself simply as Marquez rather than Marquez Garcia.

[2]    Although we generally lack jurisdiction to review denials of discretionary relief, *see* 8 U.S.C. § 1252(a)(2)(B), in this case, the denial of relief turned on the purely legal determination that Mr. Marquez's inconclusive record of conviction was not sufficient to satisfy his burden of proof under 8 C.F.R. § 1240.8(d) with respect to eligibility for the relief requested. As the Government acknowledges, notwithstanding the jurisdiction-stripping provision of § 1252(a)(2)(B), this court always retains jurisdiction to review constitutional claims and questions of law. *Id.* § 1252(a)(2)(D); *Alzainati v. Holder*, 568 F.3d 844, 850 (10th Cir. 2009); *see Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009) (holding that BIA's determination that an alien is ineligible for discretionary relief is a question of law reviewable under 8 U.S.C. § 1252(a)(2)(D)).

In 2003, Mr. Marquez pled guilty to committing third-degree assault in the State of Colorado. The statute under which he was convicted provides in relevant part that the crime of assault in the third degree occurs when a person "knowingly or recklessly causes bodily injury to another person." Colo. Rev. Stat. § 18-3-204(1)(a). Mr. Marquez's guilty plea, however, was entered on a poorly translated Spanish form, which failed to specify whether he was pleading guilty to *knowingly* causing bodily injury or doing so only *recklessly*. The parties concede that this information cannot be determined from any other conviction documents. As a result, the record is inconclusive as to the mens rea component of Mr. Marquez's crime, which is a critical factor in determining whether he committed a crime involving moral turpitude (CIMT) and is thus disqualified from receiving discretionary relief. *See, e.g., In re Solon*, 24 I. & N. Dec. 239, 242 (BIA 2007) (analyzing whether alien's assault conviction constituted a CIMT for purposes of determining eligibility for relief from removal and noting that "intent [is] a crucial element in determining whether a crime involves moral turpitude").

An alien convicted of a CIMT is considered inadmissible and is therefore not eligible for cancellation of removal or temporary protected status. *See* 8 U.S.C. §§ 1182(a)(2)(A); 1229b(b)(1)(c); and 1254a(c)(1)(A)(iii). Similarly, voluntary departure is not available to an alien who has not been "a person of good moral character" in the preceding five years. 8 U.S.C. § 1229c(b)(1)(B).

-3-

Mr. Marquez does not appear to dispute that, if his Colorado conviction was for a CIMT, he is not eligible for the relief requested. *See* Aplt. Op. Br. at 22-23 (acknowledging that the burden to establish eligibility for discretionary relief rests with the alien). Both parties also concede that because the record of conviction is inconclusive, Mr. Marquez's mens rea cannot be determined. The point of contention is that each side claims the benefit of the record's ambiguity. We think the Government has the better argument.

An alien who has conceded removability has the "burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion." 8 C.F.R. § 1240.8(d); *see also Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005). Since the record is inconclusive as to whether Mr. Marquez committed a CIMT, the Government contends he has not met his burden to establish that he is eligible for discretionary relief. Mr. Marquez counters that he has met his burden because the record establishes that the crime he committed was "not necessarily" a CIMT. Aplt. Op. Br. at 23. In support, he cites a Ninth Circuit opinion holding that an alien can prove eligibility for cancellation of removal with a record of conviction that is inconclusive as to whether his crime would disqualify him for that relief. *See Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1130 (9th Cir. 2007).

In *Sandoval-Lua*, it could not be determined whether the alien's crime constituted an aggravated felony, which would have precluded cancellation of

removal under 8 U.S.C. § 1229b(a). The court acknowledged that it was the alien's burden to prove eligibility for discretionary relief, *see id.* at 1127, but decided he had done so by producing a conviction record evidencing that he "was not necessarily convicted of any aggravated felony," *id.* at 1130 (internal quotation marks omitted). We agree with the BIA that this approach effectively nullifies the statutorily prescribed burden of proof. As the Government stresses, this is not a case of a lawfully admitted alien being charged with removability as a result of a criminal conviction. Under that scenario, the Government would have to prove by clear and convincing evidence that the alien is removable. 8 U.S.C. § 1229a(c)(3)(A); *Schroeck*, 429 F.3d at 952. There is no question in this case that Mr. Marquez is removable. Therefore, the burden shifted to him to prove the absence of any impediment to discretionary relief. Being convicted of a CIMT is such an impediment. *See, e.g., Hernandez-Perez v. Holder*, 569 F.3d 345, 347 (8th Cir. 2009) (explaining that a nonpermanent alien is not eligible for cancellation of removal if he has been convicted of a CIMT); *Serrato-Soto v. Holder*, 570 F.3d 686, 689 (6th Cir. 2009) (explaining same with respect to voluntary departure).

The fact that Mr. Marquez is not to blame for the ambiguity surrounding his criminal conviction does not relieve him of his obligation to prove eligibility for discretionary relief. Because it is unclear from his record of conviction whether he committed a CIMT, we conclude he has not proven eligibility for

cancellation of removal, temporary protected status, or voluntary departure.  As such, we see no error in the BIA's decision.

The petition for review is therefore DENIED.