FILED
United States Court of Appeals
Tenth Circuit

**January 25, 2012**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JUAN JOSE MARTINEZ-DIAZ,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 11-9512
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Petitioner Juan Jose Martinez-Diaz, proceeding pro se, petitions for review

of the decision by the Board of Immigration Appeals (BIA) upholding the

decision by the immigration judge (IJ) denying his request for cancellation of

removal. Exercising our jurisdiction under 8 U.S.C. § 1252(a)(1), we deny the

petition.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

Petitioner is a native and citizen of Mexico.  He was admitted to the United States as an immigrant in January 1995.  In December 1997 Petitioner pleaded guilty to violating Colo. Rev. Stat. § 18-2-201 by conspiring to commit aggravated motor theft in the first degree, as defined in Colo. Rev. Stat. § 18-4-409(2).  As part of his sentence, he was ordered to pay restitution in the amount of $14,809.31.  In March 2007 he pleaded guilty to violating both Colo. Rev. Stat. § 18-3-204, assault in the third degree, and Colo. Rev. Stat. § 18-6-401(1)(a), child abuse.

The Department of Homeland Security commenced removal proceedings against Petitioner in April 2007, charging him as removable under 8 U.S.C. § 1227(a)(2)(E)(i), as an alien who has been convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment.  Petitioner appeared before an IJ and denied that he was convicted of a crime of child abuse and the corresponding charge of removability.  Counsel explained that Petitioner had not understood what he was pleading guilty to and he was going to file for postconviction relief.  At a hearing in September 2007 the IJ sustained the charge of removability because there had been no ruling on the request for postconviction relief and the child-abuse conviction had the requisite degree of finality.

In March 2008 Petitioner applied for cancellation of removal as a permanent resident. An alien who is a permanent resident is eligible for cancellation of removal if the alien "(1) has been . . . lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a).

The IJ held an initial hearing on the application, but continued the hearing to allow Petitioner to submit additional evidence on whether the 1997 motor-vehicle-theft offense was an aggravated felony. Petitioner submitted the felony complaint and information, judgment of conviction and sentence, and disposition for the 1997 offense.

At the conclusion of the continued hearing, the IJ issued an oral decision denying cancellation of removal. The IJ determined that the record was inconclusive on whether the 1997 offense qualified as an aggravated felony, but noted that Petitioner bore the burden of proof to demonstrate his eligibility for relief. The IJ explained that the BIA and this court had held that if the record is inconclusive on whether an alien had committed a disqualifying offense, then the alien has failed to prove his eligibility for relief. Accordingly, the IJ concluded that Petitioner had not established his eligibility for cancellation of removal. The BIA upheld the IJ's determination, relying on the same reasoning.

II.  Discussion

Petitioner seeks review of the denial of discretionary relief, a determination we ordinarily lack jurisdiction to review.  *See* 8 U.S.C. § 1252(a)(2)(B)(i),(ii). The denial of relief in this case, however, turned on the legal questions of whether Petitioner had the burden of proving that he had not been convicted of an aggravated felony and whether an inconclusive record of conviction can satisfy that burden.  We have jurisdiction to review these questions of law.  *See* 8 U.S.C. § 1252(a)(2)(D); *Garcia v. Holder*, 584 F.3d 1288, 1289 n.2 (10th Cir. 2009).  We review the questions de novo.  *See Herrera-Castillo v. Holder*, 573 F.3d 1004, 1007 (10th Cir. 2009).

First, Petitioner appears to suggest that the government had the burden of proving that he had been convicted of an aggravated felony.  If the government were charging Petitioner with being removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii), then the Petitioner would be correct, because the government bears the burden of proving removability in those circumstances.  *See* 8 C.F.R. § 1240.8(a).  But the aggravated-felony issue was not relevant to Petitioner's removability.  The government charged Petitioner with removability under 8 U.S.C. § 1227(a)(2)(E)(i), as an alien who had been convicted of a crime of child abuse.  The IJ sustained the charge of removability on this basis and Petitioner did not challenge this determination on appeal to the BIA.

The relevance of whether Petitioner was convicted of an aggravated felony is that such a conviction makes a permanent resident ineligible for cancellation of removal. After the IJ sustained the charge of removability, Petitioner sought cancellation of removal, and an alien seeking relief from removal has the "burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion." 8 C.F.R. § 1240.8(d); *see Garcia*, 584 F.3d at 1290 ("There is no question in this case that [the alien] is removable. Therefore, the burden shifted to him to prove the absence of any impediment to discretionary relief."). The regulations further provide that "[i]f the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d). Accordingly, the agency did not err in concluding that Petitioner bore the burden to prove that he had not been convicted of an aggravated felony.

Petitioner next argues that the inconclusiveness of the record regarding the basis of his conviction demonstrates that he met his burden of proving that he was not necessarily convicted of an aggravated felony. He relies on *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1130 (9th Cir. 2007). In *Garcia*, however, we rejected the reasoning of *Sandoval-Lua*. *See* 584 F.3d at 1290. We wrote:

> The fact that [the alien] is not to blame for the ambiguity
> surrounding his criminal conviction does not relieve him of his
> obligation to prove eligibility for discretionary relief. Because it is

-5-

unclear from his record of conviction whether he committed a [disqualifying crime], we conclude he has not proven eligibility for cancellation of removal.

*Id*.; *see Salem v. Holder*, 647 F.3d 111, 116 (4th Cir. 2011) (following *Garcia*).

Petitioner attempts to distinguish *Garcia* by noting that his case involves a lawful permanent resident and an aggravated felony whereas *Garcia* involved a nonpermanent resident and a crime involving moral turpitude (CIMT). But this proposed distinction has no support in the language of the pertinent regulation. In both situations the alien seeks the discretionary relief of cancellation of removal, and the burden of persuasion is on the alien to prove eligibility for such relief. *See* 8 C.F.R. § 1240.8(d). The regulation does not distinguish between aliens based on whether they are permanent aliens, nor does it distinguish among different grounds of eligibility for cancellation of removal. We therefore agree with the BIA that "[*Garcia*'s] holding applies equally to lawful permanent residents who bear the burden of establishing that they are not aggravated felons under [8 U.S.C. § 1229b(a)(3)]," Admin. R. at 4.

Applying *Garcia*'s holding to Petitioner's case, the BIA properly determined that he had failed to meet his burden of demonstrating his eligibility for the relief he requested. Petitioner was convicted of conspiring to commit aggravated motor theft, as defined in Colo. Rev. Stat. § 18-4-409(2). A person may be convicted under that statute for knowingly obtaining or exercising control over the motor vehicle of another either "without authorization" or by "threat or

-6-

deception." Colo. Rev. Stat. § 18-4-409(2). As relevant to this case, an alien convicted of conspiracy is convicted of an aggravated felony when the substantive crime that was the object of the conspiracy was an offense that involved "fraud or deceit" and the potential loss to the victim or victims exceeded $10,000. *See* 8 U.S.C. § 1101(a)(43)(M)(i) and (U).

The BIA noted, "It is entirely possible that [Petitioner's] conviction was for theft by deception, which necessarily involves deceit," and "[i]t is also unclear whether or not the potential loss to the victim exceeds $10,000, although . . . [Petitioner] was ordered, along with his co-conspirator, to pay restitution to his victim exceeding $10,000." Admin. R. at 4. Accordingly, the BIA determined that because the record of conviction was inconclusive, Petitioner had failed to meet his burden of establishing his eligibility for relief by a preponderance of the evidence. *Id.* at 5. Petitioner has failed to demonstrate that the BIA committed legal error in this decision.

III.  Conclusion

We DENY the petition for review. Petitioner's motion to proceed in forma pauperis is GRANTED.

Entered for the Court


Harris L Hartz
Circuit Judge

-7-