FILED
United States Court of Appeals
Tenth Circuit

October 1, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAIME MEDINA MEJIA,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

Nos. 12-9594 & 13-9537
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON**, Circuit Judge, and **BRORBY**, Senior
Circuit Judge.

In appeal no. 12-9594, Jaime Medina Mejia, a native of Mexico, seeks review

of the decision of the Board of Immigration Appeals (BIA) to uphold an immigration

judge's (IJ) order denying his application for cancellation of removal for

non-permanent resident. In appeal no. 13-9537, he appeals the BIA's denial of his

motion for reconsideration. The BIA determined that Mr. Medina Mejia was

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ineligible for cancellation of removal because he did not meet the criteria of 8 U.S.C. § 1229b(b)(1)(C), specifically, that he had not been convicted of a crime involving moral turpitude (CIMT). We exercise jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review.[1]

I.    BACKGROUND

Mr. Medina Mejia was charged with having entered the United States in July 1989 without being admitted or paroled. He conceded removability and applied for cancellation of removal. Following a hearing at which he was represented by counsel, the IJ determined that Mr. Medina Mejia had been convicted of the crime of third-degree assault in violation of Colorado law. The relevant state statute provides: "A person commits the crime of assault in the third degree if [he] knowingly or recklessly causes bodily injury to another person or with criminal negligence [he] causes bodily injury to another person by means of a deadly weapon." Colo. Rev. Stat. § 18-3-204(1)(a). The IJ held that because Mr. Medina Mejia was unable to establish that his conviction was not a CIMT, he was ineligible for cancellation of removal. Mr. Medina Mejia appealed to the BIA. The BIA found that (1) it was Mr. Medina Mejia's "burden to establish that he is not ineligible for

---

[1]    Although the BIA's decision was to deny the discretionary relief of cancellation of removal, the underlying issue is a legal one: whether Mr. Medina Mejia met his burden of proving that his conviction was not a CIMT. Therefore, while this court generally lacks jurisdiction over denials of discretionary relief, *see* 8 U.S.C. § 1252(a)(2)(B), we do have jurisdiction over the legal question presented, *see id.* § 1252(a)(2)(D).

cancellation of removal"; (2) he provided evidence of his arrest for the crime of third-degree assault in violation of a Colorado state statute; (3) he testified that he was found guilty and fled the state, but later returned to enter a guilty plea to the same or a related charge; (4) a conviction under the state statute in question "may, under some circumstances, constitute a crime involving moral turpitude"; and (5) because he failed to provide sufficient information to establish that his crime did not involve moral turpitude, he failed to meet his burden. Admin. R. at 23-24. Accordingly, the BIA dismissed the appeal. The BIA also denied Mr. Medina Mejia's motion to reconsider, finding that he had not provided any additional documents relative to his conviction and he had merely reiterated the arguments previously raised.

## II.    DISCUSSION

To be eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1), Mr. Medina Mejia had the burden to show that (1) he had been present in the United States for ten years; (2) his moral character had been good for ten years; (3) he had not been convicted of certain crimes, including CIMTs; and (4) his removal would result in exceptional and extremely unusual hardship to a qualifying relative. *See* 8 U.S.C. § 1229a(c)(4) (placing burden of proof on alien to establish eligibility). "An alien convicted of a CIMT is considered inadmissible and is therefore not eligible for cancellation of removal . . . ." *Garcia v. Holder*, 584 F.3d 1288, 1289 (10th Cir. 2009) (citing 8 U.S.C. §§ 1182(a)(2)(A); 1229b(b)(1)(c)). Because the

BIA found that Mr. Medina Mejia was ineligible for the discretionary relief he sought due to his inability to show that he had not been convicted of a CIMT, it did not address the other criteria. On appeal, Mr. Medina Mejia asserts that the BIA employed the incorrect legal analysis to evaluate his conviction as a CIMT.

"In our review of the agency's decision, we decide purely legal questions *de novo*." *Karki v. Holder*, 715 F.3d 792, 800 (10th Cir. 2013) (internal quotation marks omitted). Thus, we review de novo the BIA's legal determination that Mr. Medina Mejia's conviction under § 18-3-204(1)(a) qualified as a CIMT.[2]

Mr. Medina Mejia does not challenge the BIA's ruling that it was his burden to demonstrate that he was not convicted of a CIMT. Rather, he contends that the BIA should have applied the categorical approach established in *Taylor v. United States*, 495 U.S. 575 (1990), to determine that his conviction was not a CIMT. Under *Taylor*'s categorical approach, "this court looks only to the statutory definition of the offense and not to the underlying facts of the conviction to determine whether the offense involves moral turpitude." *Efagene v. Holder*, 642 F.3d 918, 921 (10th Cir. 2011) (citing *Taylor*, 495 U.S. at 600). However, when a criminal statute has divisible elements, some of which fall within the generic description and some of

---

[2] In Mr. Medina Mejia's appeal of the BIA's order denying reconsideration, our review is for abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). In that appeal, he contends that the BIA failed to apply the law in *Efagene v. Holder*, 642 F.3d 918, 921 (10th Cir. 2011). In addressing the appeal from the BIA's decision to uphold the IJ's order of removal, we reject his arguments invoking *Efagene*. Consequently, the BIA did not abuse its discretion in denying reconsideration.

which do not, "courts resolve the ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, . . . plea colloquy," or jury instructions. *Ibarra v. Holder*, __ F.3d __, 2013 WL 3490753, at *3 (10th Cir. July 12, 2013) (internal quotation marks omitted); *see Taylor*, 495 U.S. at 602.

Here, the BIA applied the categorical approach, concluding that some circumstances could constitute a CIMT under the state statute. The BIA then observed that Mr. Medina Mejia had not produced any reliable judicial records, or any evidence at all, that could shed light on the issue, and thus did not satisfy his burden of proof.[3]

Relying on *Efagene*, Mr. Medina Mejia also argues that unless the plain language of the statute of conviction includes evil intent as an element of the crime, it cannot be a CIMT under the *Taylor* approach. His argument further appears to be that because the Colorado third-degree assault statute does not require "intentional" conduct, but applies to "knowing" or "reckless" conduct, the crime was not one involving moral turpitude.

---

[3]    Mr. Medina Mejia contends that the BIA erred by analyzing his conviction under *Matter of Silva-Trevino*, 24 I. & N. Dec. 687 (BIA 2008). In *Silva-Trevino*, the Attorney General directed the agency first to apply the categorical and modified categorical approaches to evaluate whether an alien was convicted of a CIMT. If the record of conviction was still inconclusive, the agency was directed to apply a third step and "consider any additional evidence the adjudicator determines is necessary or appropriate" to resolve the CIMT issue. *Id.* at 704. Other circuits have rejected the third step. *See Prudencio v. Holder*, 669 F.3d 472, 484 (4th Cir. 2012) (collecting cases). Because the BIA in this case did not proceed to *Silva-Trevino*'s third step, we do not address it.

Mr. Medina Mejia's reliance on *Efagene* is misplaced. There, the issue was whether the misdemeanor offense of failure to register as a sex offender was a CIMT. 642 F.3d at 919-20. The court ruled that "a knowing violation of a regulatory statute not involving an inherently despicable act is still insufficient to constitute a [CIMT]." *Id.* at 925. This ruling cannot be extrapolated, as Mr. Medina Mejia urges, to mean that § 18-3-204(1)(a), which prohibits "knowing" or "reckless" conduct, is not a CIMT.

Furthermore, Mr. Medina Mejia's argument is foreclosed by *Garcia*, 584 F.3d 1288, a case he does not attempt to distinguish. *Garcia* held that § 18-3-204 covers conduct that is morally turpitudinous, as well as conduct that is not. 584 F.3d at 1289. There, the court held that the burden was on the alien to prove his eligibility for the requested relief, and because the record of his criminal proceedings was inconclusive, he failed to meet that burden. *Id.* at 1290. This case has the same result. Mr. Medina Mejia has not met his burden of proving that his conviction under § 18-3-204 was not a CIMT and is therefore not eligible for cancellation of removal.

III. CONCLUSION

The petition for review is denied.

Entered for the Court

Stephen H. Anderson
Circuit Judge

- 6 -