FILED
United States Court of Appeals
Tenth Circuit

**October 30, 2013**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WULFRANO PORTILLO-CASTRO,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 13-9539
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Wulfrano Portillo-Castro petitions for review of an order by the Board of

Immigration Appeals (BIA) denying his motion to reconsider the BIA's decision

affirming the denial of his request for cancellation of removal.  Exercising

jurisdiction pursuant to 8 U.S.C. § 1252, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Portillo-Castro, a native and citizen of Mexico, illegally entered this country in 1992. In June 2007, the Department of Homeland Security (DHS) initiated removal proceedings against him, alleging that he was present in the United States without being admitted or paroled. Mr. Portillo-Castro admitted the allegations and conceded removability. He then filed an application for cancellation of removal. An alien may be eligible for cancellation of removal if he meets certain requirements, including that he has not been convicted of a crime involving moral turpitude (CIMT). *See* 8 U.S.C. § 1229b(b)(1)(C). The government asserted that Mr. Portillo-Castro was ineligible for cancellation of removal because he had a 2003 conviction for domestic violence and he had failed to show that it was not a CIMT. The immigration judge (IJ) agreed with the government, denied the application, and ordered Mr. Portillo-Castro removed from the United States.

Mr. Portillo-Castro appealed the IJ's decision. The BIA agreed with the IJ's determination and dismissed the appeal. Mr. Portillo-Castro did not petition for review of the BIA's decision; instead, he hired new counsel and filed a motion to reconsider. The BIA denied the motion and this petition for review followed.

II.

We review for abuse of discretion the BIA's denial of a motion to reconsider. *See Belay-Gebru v. INS*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003).

- 2 -

A.

In his motion to reconsider, Mr. Portillo-Castro argued that he was prejudiced in his proceedings before the IJ and BIA because he was represented by incompetent counsel, as evidenced by his first attorney's disbarment by the Oklahoma Supreme Court. He sought a remand to the IJ for a new hearing on his application for cancellation of removal with his new attorney. He did not offer any specific information about his first attorney's performance other than to assert that his application for cancellation of removal "on its face, is a tribute to [counsel's] incompetence." Admin. R. at 16. He also asserted that the requirements in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), for bringing claims of ineffective assistance of counsel, were "not applicable as previous counsel was disbarred while the underlying appeal was pending." Admin. R. at 16.

Under *Lozada*, "[a] motion based upon a claim of ineffective assistance of counsel should be supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts." 19 I. & N. Dec. at 639. Former counsel must be informed of the allegations and allowed the opportunity to respond before the allegations are presented to the BIA. *Id*. And, "the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not." *Id*.

In its order denying the motion to reconsider on this issue, the BIA explained that:

> [Counsel's] disbarment alone does not cure [Mr. Portillo-Castro's] unexplained failure to follow any of the procedures for making a timely ineffective assistance of counsel claim as set forth in *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). Evidence that [his] former counsel was disciplined does not prove that [he] was prejudiced by the actions of his counsel in this case.

Admin. R. at 3. The BIA further explained that Mr. Portillo-Castro's "claim of ineffective assistance of counsel lacks the necessary details we need to evaluate his argument," and also noted that he had not offered any legal authority to support his position that his attorney's disbarment rendered the *Lozada* requirements inapplicable to his case. *Id*. The BIA further noted that the "Fifth Circuit has rejected a 'flexible' approach to the *Lozada* requirements argued for by [Mr. Portillo-Castro]." *Id*. The BIA declined to reconsider its decision or remand the case to the IJ, explaining that Mr. Portillo-Castro "ha[d] not presented any evidence to show that his prior counsel incompetently represented him, that his prior counsel's performance adversely affected the outcome of his removal hearing, or that he was denied an opportunity to fully present his case." *Id*. at 4.

On appeal, Mr. Portillo-Castro asserts that he was denied a full and fair hearing on his application for cancellation of removal because he was represented by ineffective counsel. He asserts that his conviction was not a CIMT under the relevant Oklahoma statutes covering simple non-aggravated assault and misdemeanor domestic assault and battery, which involve only a mere touching. He contends that

- 4 -

"but for the failure of [his] counsel to provide the required documents to the Immigration Court, a full, fair, and meaningful examination of all the appropriate evidence would have been conducted and the result would have been different." Pet. Br. at 17. We may not consider this argument, however, because it was not presented to the BIA. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1236-37 (10th Cir. 2010) (explaining that alien must exhaust his administrative remedies before this court may entertain his argument). As the BIA explained in its denial order, Mr. Portillo-Castro argued that his attorney's disbarment alone demonstrated that he received ineffective assistance of counsel. In his motion to reconsider, he did not attempt to explain, as he does now on appeal, how his counsel's deficient performance prejudiced him, and therefore the BIA did not have the opportunity to consider that argument. "[A]n alien must present the *same specific legal theory* to the BIA before he or she may advance it in [this] court." *Id*. at 1237; *see also Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1018 (10th Cir. 2007) (holding that petitioner's general assertions in motion to reopen were not sufficient to exhaust "specific issue" for which he sought review from this court when it had not been presented to the BIA for consideration). We therefore lack authority to entertain Mr. Portillo-Castro's new argument regarding his counsel's deficient performance and related prejudice.

Mr. Portillo-Castro next contends that the BIA should not have required strict compliance with *Lozada* because the BIA applied Fifth Circuit law when it should have applied Tenth Circuit law. The government concedes that the BIA should have

applied Tenth Circuit law,[1] but it asserts that any error is harmless because the result in this case would be no different if the case were remanded back to the BIA. *See Nazaraghaie v. INS*, 102 F.3d 460 (10th Cir. 1996) (applying harmless error analysis in immigration context).

Although we have yet to decide whether to require strict compliance with *Lozada*, we have concluded that there was no abuse of discretion in the BIA's denial of a motion to reopen where the petitioner alleged ineffective assistance of counsel but failed to comply with *any* of the *Lozada* requirements. *See Tang v. Ashcroft*, 354 F.3d 1192, 1196-97 (10th Cir. 2003). The holding in *Tang* controls the result in this case. Mr. Portillo-Castro, like the petitioner in *Tang*, made no attempt to comply with any of the *Lozada* requirements. Instead, Mr. Portillo-Castro claimed—without citation to any authority—that *Lozada* does not apply when an attorney is disbarred. Accordingly, if the case were remanded to the BIA to apply Tenth Circuit law, it would reach the same result.

Mr. Portillo-Castro also contends that he could not strictly comply with the *Lozada* requirement to file a bar complaint because his attorney had already been

---

[1]     The proceedings before the IJ occurred in Oklahoma City, Oklahoma, within the jurisdiction of the Tenth Circuit. But, according to the government, the Administrative Control Court for the immigration court in Oklahoma City is located in Dallas, Texas. As a result, the caption to the IJ's decision states "Dallas Immigration Court." *See* Admin. R. at 222. As the government explains, "it appears that the Board may have cited Fifth Circuit law under the mistaken belief that immigration proceedings were conducted in Texas, which is within the jurisdiction of the Fifth Circuit." Resp. Br. at 18 n.6.

disbarred. His attorney's disbarment, however, does not excuse his non-compliance with the *Lozada* requirements. Mr. Portillo-Castro does not explain how he was prevented from complying with the first requirement to submit an affidavit with the relevant facts, or how he was prevented from complying with the second requirement to notify his counsel of the allegations against him and give him an opportunity to respond. *See Tang*, 354 F.3d at 1196 (outlining *Lozada*'s requirements). Moreover, *Lozada* does not require the filing of a bar complaint in all situations as Mr. Portillo-Castro appears to believe; instead, the *Lozada* motion "should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding [the deficient] representation, *and if not, why not*." *Id*. (internal quotation marks omitted) (emphasis added). Mr. Portillo-Castro could easily have fulfilled the third *Lozada* requirement by indicating that he did not file a complaint with the Oklahoma Supreme Court because his attorney had already been disbarred. Under these circumstances, we see no abuse of discretion in the BIA's decision to deny the motion to reconsider on this issue.

## B.

Mr. Portillo-Castro next contends that the BIA erred in denying his request to reconsider the agency's determination that he has a conviction for a CIMT. In his motion to reconsider, Mr. Portillo-Castro asserted that the IJ and BIA erroneously concluded that he had a CIMT conviction when there is an absence of documents related to his conviction in the administrative record. In denying the motion to

reconsider on this issue, the BIA found that Mr. Portillo-Castro was raising the same or similar arguments that were raised in his previous appellate brief. The BIA reaffirmed the IJ's conclusion that Mr. Portillo-Castro "did not meet his burden to prove that his Oklahoma criminal conviction for domestic assault and battery was not a CIMT." Admin. R. at 4. On appeal, Mr. Portillo-Castro continues to argue that he does not have a CIMT conviction, speculating that he was convicted under Oklahoma statutes for either simple assault or misdemeanor domestic assault and battery that only involve an act of mere touching.

An alien who has conceded removability bears "the burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion." *Garcia v. Holder*, 584 F.3d 1288, 1289 (10th Cir. 2009) (internal quotation marks omitted). Mr. Portillo-Castro admitted that he was arrested in 2003 for domestic assault and battery for hitting his wife, and there is a document from the Tulsa County Sheriff's Office confirming that information. He also submitted a letter confirming his attendance at 24 sessions in the counseling program at Domestic Violence Intervention Services. He failed, however, to submit documentary evidence related to his conviction, including the specific statute of conviction and any sentencing information.[2] We have previously

---

[2] Although Mr. Portillo-Castro argues on appeal that his first attorney was ineffective for failing to submit evidence related to his conviction, his current attorney did not submit any evidence in the motion to reconsider related to his conviction or explain why the documents could not be obtained.

held that where the record is inconclusive as to whether an alien committed a CIMT, the alien has failed to demonstrate eligibility for cancellation of removal. *See id.* at 1290 ("Because it is unclear from [petitioner's] record of conviction whether he committed a CIMT, we conclude he has not proven eligibility for cancellation or removal . . . ."). Accordingly, we see no abuse of discretion in the BIA's decision to deny the motion to reconsider on this issue.

### III.

For the foregoing reasons, we deny the petition for review.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge