**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LUIS HERNANDEZ ESPITIA,

    Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

    Respondent.

No. 15-9510
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Luis Hernandez Espitia appeals the order of the Board of Immigration Appeals

(BIA) affirming the Immigration Judge's (IJ) decision finding him ineligible for

adjustment of status, cancellation of removal, asylum, suspension of removal, and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

other grounds for relief from removal.[1]  We have jurisdiction to review final orders of the BIA pursuant to 8 U.S.C. § 1252, and we affirm.

Petitioner is a native and citizen of El Salvador.  He testified that he arrived in the United States in 1981.  In 1987, Petitioner pleaded guilty to the sale, transportation, or giving away of a controlled substance in violation of Cal. Health & Safety Code § 11360(a), for which he was given a suspended sentence of 120 days and 36 months of probation.  In November 1987, he was convicted of a second violation of § 11360(a).  Probation was revoked on his first conviction, and he was sentenced to two years in prison to run concurrently with his first sentence.  Significantly, Petitioner did not present any documentary evidence regarding these § 11360 convictions, such as the indictment, judgment of conviction, jury instructions, or a signed guilty plea.

On September 26, 2006, Petitioner filed an application for adjustment of status with the U.S. Department of Homeland Security (DHS), which was denied.  On February 18, 2011, the government issued Petitioner a notice to appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), for being present as an immigrant present in the United States without inspection.

---

[1] Petitioner's Opening Brief does not assert any challenge to the BIA's decision denying him restriction on removal under the Immigration and Nationality Act or under the Convention Against Torture.  "Arguments inadequately briefed in the opening brief are waived."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).  We will not address Petitioner's withholding-of-relief argument first raised in his Reply brief.  *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief.").

The IJ found that Petitioner was removable under § 1182(a)(6)(A)(ii) based on his admission to immigration officials that he had not been lawfully admitted or paroled to the United States. The IJ denied Petitioner's suspension of deportation request because that relief is no longer available following passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). The IJ also found Petitioner was ineligible for adjustment of status, cancellation of removal, asylum, and withholding of removal relief because of his two § 11360(a) convictions for selling or transporting a controlled substance. The IJ ruled that Petitioner had failed to produce sufficient documentary evidence to establish that these convictions were not aggravated felonies. Finally, the IJ ruled Petitioner was not entitled to Convention Against Torture (CAT) relief because he failed to establish that he was tortured in the past or would suffer torture in the future.

Petitioner appealed to the BIA, which affirmed in a four-page decision by a single member of the Board. The BIA determined that Petitioner was removable under § 1182(a)(6)(A)(ii) based on his admission to immigration officials that he entered the United States without legal status. It ruled that Petitioner's two § 11360(a) convictions were not categorically aggravated felonies, but rather were controlled substance offenses of a particularly serious nature. Crimes of a particularly serious nature include, but are not limited to, aggravated felonies. *See N-A-M v. Holder*, 587 F.3d 1052, 1056 (10th Cir. 2009) (holding that a crime need not be an aggravated felony to be classified as particularly serious). Unlawful trafficking in controlled substances is presumed to be a particularly serious crime,

3

although an immigrant can overcome that presumption in rare cases involving "extraordinary and compelling" circumstances. *In re Y–L–*, 23 I. & N. Dec. 270, 274 (Op. Att'y Gen. 2002).

The BIA held that Petitioner failed to show he was eligible for adjustment of status, waiver of inadmissibility, cancellation of removal, asylum, or withholding of removal because of his two § 11360(a) controlled substance convictions. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II) (providing that violation of a law "relating to a controlled substance" renders noncitizen inadmissible); *id.*, § 1255(a)(2) (providing that a noncitizen must be admissible at the time he seeks adjustment of status); *id.* § 1182(h) (waiver of inadmissibility available for a controlled substance violation only if it is a single offense of 30 grams or less of marijuana); *id.* § 1158(b)(2)(A)(ii) (persons convicted of a particularly serious crime are ineligible for asylum); *id.*, § 1231(b)(3)(B)(ii) (persons convicted of a particularly serious crime are ineligible for restriction on removal). The BIA denied Petitioner's request for suspension of removal because that relief was no longer available after enactment of IIRIRA. Finally, the BIA held there was insufficient evidence that it was more likely than not Petitioner would be tortured upon removal, and, thus affirmed the IJ's denial of CAT relief. Petitioner then filed this petition for review.

4

I.

Standards of Review. We review the BIA's decision to determine whether it is supported by substantial evidence, considering the record as a whole. *Neri-Garcia v. Holder*, 696 F.3d 1003, 1008 (10th Cir. 2012). "Agency findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (internal quotation marks omitted). We review for an abuse of discretion the BIA's determination that Petitioner was convicted of a particularly serious crime. *See Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014). Because the BIA issued a single-member decision, "we will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA, [although] we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Maatougui v. Holder*, 738 F.3d 1230, 1237 n.2 (10th Cir. 2013) (internal quotation marks, brackets and ellipsis omitted).

Relief Barred by § 11360(a) Convictions. Petitioner's first argument is that the BIA erred in rejecting his argument that "because the government failed to establish that his convictions resulted in removability, those convictions should not be a bar to relief." Aplt. Opening Br. at 1 (capitalization omitted). Then, throughout his discussion of this argument, Petitioner repeatedly argues that the government failed to meet its burden to show he is ineligible for the types of relief he seeks. *Id.* at 1-19. Petitioner's arguments rest on two faulty premises: the incorrect factual assertion that he was found removable because of his § 11360(a) convictions, and the

5

incorrect legal argument that the government has a burden to show he is ineligible for the relief from removability that he seeks. Petitioner is confusing removability with eligibility for relief from removal and the attendant burden-of-proof differences.

The government bears the burden to establish facts showing that a noncitizen is removable, that is, that the noncitizen may be lawfully expelled from the United States. 8 U.S.C. § 1229a(c)(3)(A); 8 C.F.R. § 1240.8(a). In Petitioner's case, his § 11360(a) convictions were not relevant to the BIA's finding that Petitioner was removable. Rather, the BIA found that Petitioner was inadmissible under § 1182(a)(6)(A)(i), and therefore removable, because he entered the United States without being lawfully admitted or paroled. *See id*. (providing that "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible"); 8 U.S.C. § 1229a(a)(2) (indicating that inadmissible individuals are removable). Petitioner was not found to be removable because of his § 11360(a) controlled substance convictions.

Notably, Petitioner's opening brief asserts no challenge to the BIA's ruling that he is removable under § 1182(a)(6)(A)(i); thus, he has waived any challenge to the BIA's determination that he is removable. In any event, substantial evidence supports the agency's findings that Petitioner admitted to immigration officials that "he never obtained immigration documents to enter or reside in the United States,"

Admin. R. at 791.  Thus, we find no error in the BIA's determination that Petitioner is removable.[2]

Once removability is established, as it was here, the noncitizen bears the "burden of establishing that he or she is eligible for any requested benefit or privilege" and if there is evidence of a mandatory ground for denying relief, such as a disqualifying conviction, the immigrant bears "the burden of proving by a preponderance of the evidence that such grounds do not apply."  § 1240.8(d); *see also* 8 U.S.C. § 1229a(c)(4)(A) (providing that an immigrant "applying for relief or protection from removal has the burden of proof to establish that [he] . . . satisfies the applicable eligibility requirements[ ] and . . . merits a favorable exercise of discretion").

Relevant to this case, we have held that an inconclusive record regarding a conviction will not satisfy a noncitizen's burden of demonstrating eligibility for relief.  *Garcia v. Holder*, 584 F.3d 1288, 1289-90 (10th Cir. 2009).  In *Garcia*, the

---

[2] Contrary to his earlier admission to immigration officials, Petitioner now asserts he was waived through at an inspection point, from which he argues he was legally admitted, citing *In re Quilantan*, 25 I. & N. Dec. 285 (BIA 2010).  In that case, the BIA ruled that when a noncitizen presents himself at a port of entry, makes no false claim to citizenship, and the entry is procedurally regular, the noncitizen has been lawfully admitted to the United States for the purposes of applying for an adjustment of status.  *Id*. at 288-92.  The BIA expressly limited its holding to the use of the word "admitted" in § 1255(a) for adjustment-of-status purposes, however. *Id*. at 290.  Thus, to the extent that Petitioner is relying on *In re Quilantan* to argue the BIA erred in finding him removable, we are not persuaded.  *See Cordova-Soto v. Holder*, 659 F.3d 1029, 1034 (10th Cir. 2011) (holding that *In re Quilantan* dealt only with whether an alien had to show substantive lawfulness in order to prove he had been "admitted" for adjustment of status purposes).

7

immigrant pleaded guilty to assault, but the record of conviction was inconclusive as to whether the conviction was for a crime involving moral turpitude, which would bar him from seeking discretionary relief. This court held that, once the government had demonstrated that the immigrant was removable, "the burden shifted to him to prove the absence of any impediment to discretionary relief." *Id*. at 1290. Accepting the immigrant's argument that he had met his burden by submitting an inconclusive record of conviction would, the Tenth Circuit declared, "effectively nullif[y] the statutorily prescribed burden of proof." *Id*.; *see also Syblis v. Att'y Gen. of the U.S.*, 763 F.3d 348, 356-57 (3d Cir. 2014) (joining our Circuit as well as the Fourth, Ninth, and Seventh Circuits in holding that an inconclusive record of conviction is insufficient to satisfy a noncitizen's burden of proving eligibility for relief from removal). Accordingly, there is no merit to any of Petitioner's arguments that the government bore any responsibility or burden to produce a record of conviction to prove his ineligibility for the types of relief he sought.[3]

---

[3] A significant portion of Petitioner's first appellate argument is focused on assertions that the BIA was required to apply a categorical approach to determine whether his § 11360(a) convictions constituted crimes of a particularly serious nature. *See Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013) (applying a categorical approach to determine whether a state marijuana conviction constituted an aggravated felony for purposes of determining whether a noncitizen was removable). Petitioner's *Moncrieffe* arguments rest on the same false premise that his removal was based on his convictions and that the government bore any burden to show he was ineligible for relief. *See, e.g.*, Opening Br. at 6 ("[T]he Burden to Produce the Record of Conviction Falls First Upon the Government"). But Petitioner's *Moncrieffe* arguments suffer from an even more fatal flaw, namely that Petitioner did not raise them before the BIA. Thus, we lack jurisdiction to consider Petitioner's *Moncrieffe* arguments. *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1118 (10th Cir.

(continued)

8

Petitioner admitted his § 11360(a) convictions, Admin. R. at 331, 335, 480, 780. This was sufficient evidence to obligate him—not the government—to prove by a preponderance of the evidence that the facts underlying these convictions did not make him ineligible for relief. Petitioner argues he attempted to obtain the necessary records but they were no longer available. We held in *Garcia*, however, that the fact that an immigrant is not to blame for the inconclusive record of conviction does not relieve him of his statutory burden to prove eligibility for relief. 584 F.3d at 1290. Petitioner failed to demonstrate that his § 11360(a) controlled substance convictions were not particularly serious crimes, a mandatory ground for the denial of relief. Thus, the BIA correctly ruled that because Petitioner failed to rebut the presumption that his conviction was for a particularly serious crime, he failed to satisfy his burden to show he was eligible for adjustment of status, cancellation of removal, or asylum.

Suspension of Deportation. Petitioner next argues the BIA erred in ruling suspension of deportation is unavailable to him because that form of relief was repealed by IIRIRA. "Before the enactment of the IIRIRA, the Attorney General had discretion to suspend deportation of an alien who, among other things, had been continuously present in the United States for not less than seven years." *Lockett v. INS*, 245 F.3d 1126, 1128-29 (10th Cir. 2001) (citing former 8 U.S.C. § 1254(a)(1) (repealed 1996)). If the noncitizen committed an act constituting grounds for deportation, the Attorney General had discretion to suspend deportation only if the

2007) ("[W]e generally assert jurisdiction only over those arguments that a petitioner properly presents to the BIA.").

9

individual had, among other conditions, been physically present in the United States for a continuous period of not less than ten years immediately following the commission of the deportable act. 8 U.S.C. § 1254(a)(2) (repealed 1996). IIRIRA replaced suspension of deportation with new requirements for "cancellation of removal" for nonpermanent residents and new rules for the continuous physical presence requirement. 8 U.S.C. § 1229b(b) and (d).

Petitioner argues that IIRIRA's repeal of suspension-of-deportation cannot be applied retroactively. He relies upon *INS v. St. Cyr*, 533 U.S. 289 (2001), involving another form of relief that was repealed by IIRIRA, waiver of deportation. *St. Cyr* held that IIRIRA's repeal of the waiver-of-deportation provisions could not be applied retroactively because Congress had not clearly indicated its intent that IIRIRA would apply retroactively, 533 U.S. at 314-20, and the repeal of the waiver of deportation attached new legal consequences to the noncitizen's guilty plea, *id*. at 321-26.

Our circuit has not addressed the question of whether IIRIRA's repeal of suspension of deportability relief would have an impermissibly retroactive effect on noncitizens who were eligible for such relief prior to enactment of IIRIRA. We need not resolve that question today, however, because at no time was Petitioner eligible for suspension of deportation before the IIRIRA repealed that form of relief. The "essential" retroactivity inquiry is "whether the new provision attaches new legal consequences to events completed before its enactment." *Vartelas v. Holder*, ––– U.S. –––, –––, 132 S. Ct. 1479, 1491 (2012) (internal quotation marks omitted).

During the removal proceedings, Petitioner asserted that he entered the United States in January 1981. Admin. R. 465, 476. Petitioner was first charged with violating § 11360(a) in January 1987, Admin. R. 117, at which time he had not accrued seven years' presence in the United States required by former § 1254(a)(1) for immigrants not charged with a criminal offense to be eligible for suspension of deportation. For immigrants deportable on criminal grounds, former § 1245(a)(2) required ten years of continuous physical presence for eligibility. *See* 8 U.S.C. § 1254(a)(2) (repealed 1996). In June 1987, Petitioner was again charged with violating § 11360(a), for which he was convicted in November 1987. Admin. R. at 118. Thus, at the time IIRIRA came into effect on April 1, 1997, Petitioner had not yet accrued ten years' continuous presence in the United States as required by former § 1245(a)(2) to be eligible for suspension-of-deportation relief. In short, Petitioner was not eligible for the discretionary relief of suspension from deportation at the time he committed the § 11360(a) offenses or when IIRIRA became effective. Thus, IIRIRA did not deny him any existing eligibility for suspension-of-deportation relief.

The petition for review is denied.

Entered for the Court


Carolyn B. McHugh
Circuit Judge


11