**PUBLISH**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

PAULO AFAMASAGA, a/k/a Paul
Afamasaga,

      Petitioner,

v.

JEFFERSON B. SESSIONS, III, Attorney
General of the United States,

      Respondent.

No. 17-9528

---

**Petition for Review of an Order from the Board of Immigration Appeals**

---

Submitted on the briefs:[*]

Hakeem Ishola, Heier, Ishola & Navarro, PLLC, West Valley City, Utah, for Petitioner.

Chad A. Readler, Acting Assistant Attorney General, Claire L. Workman, Senior Litigation Counsel, Rachel Browning, Trial Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for Respondent.

---

Before **BRISCOE**, **HARTZ**, and **McHUGH**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Petitioner Paulo Afamasaga, a native and citizen of Samoa, entered the United States on a nonimmigrant tourist visa and remained beyond the date authorized. After he pleaded guilty to making a false statement when applying for an American passport, *see* 18 U.S.C. § 1542, the Department of Homeland Security (DHS) successfully initiated removal proceedings against him. Mr. Afamasaga applied for cancellation of removal under 8 U.S.C. § 1229b, but the immigration judge (IJ) deemed him ineligible on the ground that violating § 1542 is a crime involving moral turpitude (CIMT) under the Immigration and Nationality Act (INA). The Board of Immigration Appeals (BIA) agreed and dismissed his appeal.

"Although we usually lack jurisdiction to review BIA orders concerning cancellation under § 1229b, *see* 8 U.S.C. § 1252(a)(2)(B)(i), we have jurisdiction to review questions of law decided in those orders, *id.* § 1252(a)(2)(D)." *Flores-Molina v. Sessions*, 850 F.3d 1150, 1157 (10th Cir. 2017). Exercising that jurisdiction, we deny Mr. Afamasaga's petition for review of the BIA's decision.

I. **Factual and Procedural Background**

Mr. Afamasaga was admitted to the United States on a nonimmigrant, B-2 tourist visa in February 1998, with authorization to remain until that August. He stayed much longer. In 2011, Mr. Afamasaga pleaded guilty in federal court to violating § 1542, which prohibits "willfully and knowingly mak[ing] any false statement in an application for [a] passport with intent to induce or secure the issuance of a passport under the authority of the United States." The indictment charged that Mr. Afamasaga falsely stated in his passport application that he was

2

born in American Samoa; had that been true, he would be a United States citizen. He was sentenced to time served, though he could have been sentenced to up to ten years in prison. *See* 18 U.S.C. § 1542. Shortly thereafter, the DHS issued a Notice to Appear, charging him with removability as an alien who had remained in the United States longer than permitted. *See* 8 U.S.C. § 1227(a)(1)(B). The IJ sustained the charge of removability.

Mr. Afamasaga applied for cancellation of removal and adjustment of status or, in the alternative, for voluntary departure. The IJ pretermitted his cancellation application after deeming him inadmissible under 8 U.S.C. § 1182(a)(2) because he has been convicted of a CIMT. *See id*. § 1182(a)(2)(A)(i)(I). The IJ did, however, grant voluntary departure to Samoa.

In a decision issued by a single board member under 8 C.F.R. § 1003.1(e)(5), the BIA agreed that Mr. Afamasaga's conviction for a violation of § 1542 constitutes a CIMT and affirmed the IJ's decision.

## II.     Discussion

A noncitizen applying for cancellation of removal must show, among other things, that he has not been convicted of a CIMT. *See* 8 U.S.C. § 1229b(b)(1); *see also Garcia v. Holder*, 584 F.3d 1288, 1289 (10th Cir. 2009) ("An alien convicted of a CIMT is . . . not eligible for cancellation of removal. . . ."). "[W]hether a criminal conviction constitutes a [CIMT] is a question of law, which we review de novo." *de Leon v. Lynch*, 808 F.3d 1224, 1228 (10th Cir. 2015). But if a provision of the INA is interpreted by the Attorney General or in an opinion of the

3

BIA that is binding precedent within the agency, we generally apply *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984), and defer to that interpretation if it is a reasonable one. *See Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1244-56 (10th Cir. 2008) (applying *Chevron* to Attorney General's interpretation of INA); *Flores-Molina*, 850 F.3d at 1157 ("[W]e will defer to the BIA's interpretation [in a precedential opinion] of the statutory term CIMT . . . as long as that interpretation is reasonable.").

In determining whether an alien's offense was a CIMT, it is not enough that his actual conduct would qualify. Instead, we apply the "categorical approach" and "compare the statutory definition of that offense with the generic definition of CIMT and consider whether the minimum conduct that would satisfy the former would necessarily also satisfy the latter." *Flores-Molina*, 850 F.3d at 1158. That means in this case that Mr. Afamasaga's offense was a CIMT only if all conduct prohibited by § 1542 involves moral turpitude. *See id*.

Although the INA does not define *crime involving moral turpitude*, we have ample guidance for our task because the "contours [of that term] have been shaped through interpretation and application by the Attorney General, the BIA, and federal courts." *Id*. at 1158-59 (brackets and internal quotation marks omitted). We have said that the term "refers to conduct which is inherently base, vile, or depraved, contrary to the accepted rules of morality," *Efagene v. Holder*, 642 F.3d 918, 921 (10th Cir. 2011) (internal quotation marks omitted); and Attorneys General have described offenses that qualify as CIMTs as those entailing both "reprehensible conduct and some form of scienter,"

*Matter of Silva-Trevino*, 26 I. & N. Dec. 550, 553 n.3 (A.G. 2015) (internal quotation marks omitted).

Precedents also establish rules for assessing specific types of conduct. Relevant here "is that crimes in which fraud is an ingredient are regarded as involving moral turpitude." *Flores-Molina*, 850 F.3d at 1159 (brackets and internal quotation marks omitted). Fraud need not be an explicit element of the offense. "[T]he BIA has identified three categories of deceit-related offenses that qualify as CIMTs: (1) offenses containing an explicit fraudulent intent element; (2) offenses containing an inherent fraudulent intent element; and (3) offenses containing a specific intent element." *Id.* at 1160. In particular, "the BIA has found an offense implicitly fraudulent – and thus, a CIMT – where it involved impairing or obstructing an important function . . . of the government by defeating its efficiency or destroying the value of its lawful operations by deceit, graft, trickery, or dishonest means." *Id.* at 1159 (brackets and internal quotation marks omitted).

For generations, fraud has been recognized as "an ingredient" of § 1542. The BIA held in *Matter of B–*, 7 I. & N. Dec. 342, 343-44 (BIA 1956), that fraud is an "essential element[]" of § 1542 because "the applicant must knowingly make a false statement with the specific intent that the false statement should be acted upon by the Government." The BIA relied in part on an earlier Supreme Court opinion that used the word *fraud* when discussing the predecessor to this statute, 22 U.S.C. § 220, which prohibited virtually identical conduct. *See Browder v. United States*, 312 U.S. 335, 337 (1941) (equating "a passport . . . secured by reason of a false statement" to

5

"a passport secured by the fraud" (internal quotation marks omitted)); *see also Bisaillon v. Hogan*, 257 F.2d 435, 437-38 (9th Cir. 1958) (deeming a violation of § 1542 to be a CIMT because it was akin to perjury and required an intent to induce the government to issue the passport on the basis of a false statement – "clearly a fraud on the United States though not measurable in dollars and cents"). More recently, a precedential opinion of the BIA held that a conviction for making false statements to obtain a passport in another person's name is a CIMT because "[c]onvictions for making false statements have been found to involve moral turpitude." *Matter of Correa-Garces*, 20 I. & N. Dec. 451, 454 (BIA 1992). And the Second Circuit has also concluded that an offense under § 1542 categorically constitutes a CIMT. *See Rodriguez v. Gonzales*, 451 F.3d 60, 63-64 (2d Cir. 2006) ("Although section 1542 may not contain every element of common law fraud, it certainly involves deceit and an intent to impair the efficiency and lawful functioning of the government. This alone is sufficient to categorize a crime as a CIMT.").

Agreeing with the above eminently reasonable interpretations of the meaning of CIMT, we conclude that a violation of § 1542 is categorically a CIMT.

Mr. Afamasaga makes the conclusory statement that § 1542 is not *categorically* a CIMT because "there is 'a realistic possibility, not a theoretical possibility, that section 1542 applies to conduct that falls outside' the well-established definitions of CIMT." Pet'r's Opening Br. at 30 (misquoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)). But he does not proffer a single example of such conduct, nor can we conceive of one.

6

We recognize that a recent opinion of this court, which thoroughly explored when offenses involving false statements constitute CIMTs, held that a violation of a city ordinance prohibiting the knowing and willful providing of false information to a public official conducting an investigation is not a CIMT. *See Flores-Molina*, 850 F.3d at 1159, 1172. But the critical feature of the ordinance was that it did not require an intent to affect the official's decision. *See id.* at 1167. Section 1542, in contrast, requires the "intent to induce or secure the issuance of a passport."

## III. Conclusion

Mr. Afamasaga has not satisfied his burden "to prove the absence of any impediment to discretionary relief." *See Garcia*, 584 F.3d at 1290. We deny his petition for review and uphold the BIA's determination that he is not eligible for cancellation of removal.